UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL SPARKS** | **CIVIL ACTION** |
| **VERSUS** | **NO:   16-2367** |
| **HORNBECK OFFSHORE SERVICES** | **SECTION: "H" (4)** |

### ORDER AND REASONS

Before the Court is **Motion for Protective Order (R. Doc. 45)** filed by Defendant Hornbeck Offshore Services, LLC seeking an order from the Court to quash the depositions of Alex Shows, David Bryan, Miles Benedict, Michael Nicaud, and the 30(b)(6) deposition of the defendant. The motion is opposed. R. Doc. 27. The motion was submitted and heard with argument on February 22, 2017.

**I.     Background**

This action was initially filed on March 21, 2016 in the District Court alleging violations under the Louisiana Employment Discrimination Law and the Family Medical Leave Act. R. Doc. 1. On September 8, 2016, Plaintiff Michael Sparks supplemented and amended his complaint to allege further violations under the Americans with Disability Acts. R. Doc. 19. In particular, the Plaintiff alleges he began working for Defendant Hornbeck Offshore Operators, LLC ("Defendant") approximately eight years ago. The Plaintiff states that he is a recovering alcoholic and on December 28, 2015 he suffered a relapse which rendered him unable to work that day. R. Doc. 19, p. 2. After contacting his employer, the Plaintiff informed the Defendant that he would be entering an in-patient rehabilitation facility, which he did on December 30, 2015. *Id.* at p. 3. It is the Plaintiff's contention that when he informed the Defendant about the fact that he was an alcoholic who was entering rehabilitation that the failed to discuss his leave options including FEMLA.

On or around January 7, 2016, the Plaintiff was allowed to make outside contact. When he spoke with the Defendant, the Defendant informed him that he had been terminated. On June 6, 2016,

1

the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received his right to sue letter. As such, the Plaintiff has alleged a number of violations under the Americans with Disability Acts, the Louisiana Employment Discrimination Law, and the Family Medical Leave Act.

At this time, the Defendant has filed a motion for protective order (R. Doc. 24) and a motion to expedite (R. Doc. 25). On February 14, 2017, the Plaintiff issued a number of depositions notices for the 30(b)(6) depositions of the Defendant as well as four other individuals including the Defendant's in-house counsel. R. Doc. 24. The Plaintiff noticed those depositions for March 1-3, 2017 prior to the discovery deadline of March 7, 2017. At this time, the Defendant argues that the Plaintiff has not provided reasonable written notice and unilaterally set the depositions to take place beginning the day after Mardi Gras. The Defendant also contends that the deposition of the it's in-house counsel is objectionable, and that some of the deposition topics are overly broad. *Id.* at 3-4. The Defendant states that it conferred as required under Rule 26(c) by sending an email that it's counsel was unavailable at that time.

The Plaintiff has opposed the motion. R. Doc. 27. In particular, the Plaintiff argues first that the depositions were noticed with reasonable time as well as with offers to move the depositions to alternate dates before the discovery deadline. *Id.* at p. 1-2. Second, the Plaintiff argues that the deposition of the Defendant's in-house counsel, Mr. Michael Nicaud, is proper as any privilege has been waived because Mr. Nicaud's investigation into the Plaintiff's complaints was placed at issue in this case. *Id.* at p. 3-4. Finally, the Plaintiff argues that the scope of the deposition notice is not overly broad as the topics relate to the same type of discriminatory conduct alleged by the Plaintiff. *Id.* at p. 5-6.

## II. Standard of Review

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

## III. Analysis

The Defendant has filed a motion for protective order seeking to quash a number of depositions noticed by the Plaintiff. R. Doc. 24. The Defendant objects that there has not been reasonable notice, that the Plaintiff should not be able to depose the Defendant's in-house counsel, and that some of the 30(b)(6) deposition topics are overly broad. The Plaintiff has opposed the Defendant's motion, arguing that there has been reasonable notice, that the in-house counsel's testimony is not privileged, and that the 30(b)(6) topics are not overly-broad.

First, regarding the notice of the depositions, the Defendant argues that the depositions were not noticed with sufficient time. However, the Plaintiff argues that he provided more than two weeks' notice, which is sufficient time. Indeed, courts have ruled that a week or less is not sufficient notice pursuant to the rules. *Gulf Prod. Co., Inc., et al. v. Hoover Oilfield Supply, Inc., et al.,* No. 08–5016, 09–0104, 09–2779, 2011 WL 891027 at*3 (E.D. La. Mar. 11, 2011); *see e.g., Memorial Hospice, Inc. v. Norris,* 2008 WL 4844758 (N.D. Miss. Nov. 5, 2008) (finding that three days notice of deposition was clearly unreasonable). However, "a period of two weeks should provide. . .more than adequate notice." *United States v. City of Houston*, No. 03-3713, 2006 WL 6503321, at *1 (S.D. Tex. July 5, 2006); *see also In re Teon Maria, LLC*, No. 12-2272, 2013 WL 5507286 (E.D. La. Sept. 30, 2016) (finding over two weeks' notice sufficient).

However, while two weeks may generally be sufficient notice, the timing of the notices is problematic here in the Eastern District of Louisiana given the Mardi Gras holidays and surrounding activity. Therefore, the Court worked with the Parties during oral argument to determine the dates on which the depositions would occur, as detailed below.

Second, as to the Defendant's objection to the deposition of its in-house counsel (R. Doc. 30, p. 2.), the Defendant objects to the proposed deposition of its in-house counsel as irrelevant and privileged. However, the Plaintiff argues that the deposition is relevant because it seeks information related to Mr. Nicaud's investigation of the Plaintiff's complaints about not receiving notice of his FMLA rights from the Defendant as well as discrimination complaints. R. Doc. 27, p. 3. Moreover, the Plaintiff argues that the alleged investigation is at issue in the case, thereby waiving any privilege. *Id.* Additionally, the Plaintiff argues that the investigation is not even covered by privilege. *Id.* at p. 4.

Indeed, "the federal courts disfavor depositions of a party's attorney and allow them only in limited circumstances." *Delor v. Intercosmos Media Group, Inc.*, No. 04-3262, 2005 WL 1588300,

4

at *1 (E.D. La. June 27, 2005) (citing *Theriot v. Parish of Jefferson,* 185 F.3d 477, 491 (5th Cir.1999)). Courts in the Fifth Circuit have applied the three-prong test established by the Eighth Circuit in *Shelton v. American Motors Corp.,* to determine circumstances when in-house counsel should be subject to being deposed. *Nguyen v. Excel Corp.,* 197 F.3d 200 (5th Cir.1999). *See Shelton,* 805 F.2d 1323(8th Cir.1986). The *Shelton* factors are: (1) The deponent must show that no other means exist to obtain the information than to depose the opposing counsel; (2) The information sought must be relevant and non-privileged; and (3) The information sought must be crucial to the preparation of the case. *See Nguyen,* 197 F.3d at 209 (citing *Shelton,* 805 F.2d at 1327).

"However, several courts within the Fifth Circuit have found that when an attorney's role in a case is more akin to a 'mere business advisor,' for a company in an action, he does not constitute 'opposing counsel,' and therefore *Shelton* factors do not warrant an application." *Premier Dealers Servs, Inc. v. Duhon*, No. 12–1498, 2013 WL 5720354 at *4 (E.D. La. Oct. 21, 2013)*; see also Advanced Tech. Incubator, Inc., v. Sharp Corp.,* 263 F.R.D. 395, 399 (W.D. Tex. 2009); *Wright v. Life Investors Ins. Co. of America,* 2009 WL 4347024, at *3 (N.D. Miss. Nov. 24, 2009) (finding that *Shelton* factors were not controlling since lawyer acted primarily in a business capacity).

Here, at this time, the Defendant has not met its burden to show that privilege applies. *Nat'l West. Life Ins. Co. v. West. Nat. Life Ins. Co.,* 2010 WL 5174366, at *2 (W.D. Tex. Dec. 13, 2010) ("In general, the burden of demonstrating the applicability of the privilege rests on the party who invokes it."). Mr. Nicaud's investigation appears to be not only relevant in that it sought to address the Plaintiff's complaint of discrimination at issue but also in that it appears to have been in his role as a compliance reviewer of a complaint filed by the Plaintiff rather than supplying legal advice for the client in anticipation of litigation. As such, the protective order seeking to quash the deposition of Mr. Nicaud is deneid. While there may be some privileged information that the Defendant might be

able to object to disclosing, there may well be some non-privileged information that Mr. Nicaud may be able to testify too.

Third, as to the deposition of David Bryan, who will be on a thirty day hitch aboard a vessel beginning March 1, 2017, the Defendant opposed the deposition because Mr. Bryan was unavailable to be deposed as he was beginning a month of service onboard his vessel for work. The Plaintiff argued that Mr. Bryan was the Plaintiff's supervisor who wrote the incident report that characterized the cause of the incident as an illness and therefore is relevant.

The Court grants the Defendants request to quash the deposition of Mr. Bryan. While Mr. Bryan might have relevant testimony, the Plaintiff waited until the eve of discovery to attempt to depose him, and the Court will not order Mr. Bryan to miss a month-long shift aboard a vessel as a result of this late request.

Fourth, as to the deposition of Miles Benedict, the Defendant states that he is no longer employed by the Defendant. The Plaintiff stated that this is the first time that he has learned of this. The Court instructed the Defendant to supplement its responses with respect to Mr. Benedict and his last known address and instructed the Plaintiff's attorney to pursue Mr. Benedict independently since the Defendant no longer has control over his whereabouts.

Finally, the Defendant objects to the scope of a number of the proposed topics for the 30(b)(6) deposition of the Defendant. After reviewing the proposed topics, the Court agrees that a number of topics are overly broad or not relevant. In keeping with its obligations under Federal Rule of Civil Procedure 26(b)(1) to ensure that discovery is both proportional and relevant, the Court struck the following proposed topics to the 30(b)(6) depositions: Nos. 1, 6, 8, 9, 10, 11, 13, 14, 16, 18, 25, and 26. The Court further narrowed the scope of proposed topic No. 22 to any current or former employees who were assigned to vessels.

## IV.   Conclusion

**IT IS ORDERED** that Defendant's **Motion for Protective Order (R. Doc. 24)** is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** as to the deposition of David Bryan and Miles Benedict.

**IT IS FURTHER ORDERED** that the Defendant is to supplement its responses with respect to Mr. Benedict and his last known address.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that the Court strikes from the 30(b)(6) deposition notice proposed topics Nos. 1, 6, 8, 9, 10, 11, 13, 14, 16, 18, 25, and 26. Additionally, proposed topic No. 22 is limited to any current or former employees who were assigned to vessels.

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to the depositions of Alex Shows, Michael Nicaud, and the 30(b)(6) deposition of the Defendant. The deposition of Alex Shows and Micahel Nicaud is to occur on **March 13, 2017.** The 30(b)(6) deposition of the Defendant will occur on **March 15, 2017.**

New Orleans, Louisiana, this 23nd day of February 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**